**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**David Anthony CORLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 2011.

Filed Oct. 25, 2011.

Charles A. Banta, Schnecksville, for appellant.

James B. Martin, Assistant District Attorney, Allentown, for Commonwealth, appellee.

BEFORE: BOWES, SHOGAN, and FREEDBERG, JJ.

OPINION BY BOWES, J.:

David Anthony Corley appeals from the June 26, 2009 judgment of sentence of sixty-nine months to twelve years imprisonment imposed after he pled guilty to one count of criminal conspiracy to commit aggravated assault. After careful review, we affirm.

The facts giving rise to Appellant's criminal prosecution are gleaned from our review of the record. On May 6, 2008, at approximately 2:00 a.m., there was a shootout outside the Joker's Bar in Allentown. Two individuals suffered shotgun wounds and were treated at local hospitals. Witnesses identified Appellant as the driver of a vehicle in which the passenger, Anthony Royale, was observed holding a shotgun. They described the clothing Appellant and his cohort were wearing. Police arrested Appellant and, after waiving his *Miranda* rights, Appellant told police that the altercation started as he and Royale were exiting the bar. An unknown man pulled a handgun from his parked

vehicle and threatened him. Appellant entered a vehicle with Royale and the two went to Royale's home and retrieved a twelve-gauge shotgun that they had placed in the bushes. They returned to the area of Joker's Bar where a shootout ensued and Royale shot Charles Powell and Chris Jackson. Police recovered twenty-eight shells of many different calibers from the scene.

Appellant was charged with two counts each of attempted homicide, aggravated assault, and recklessly endangering another person, and one count each of criminal conspiracy and possession of marijuana. Pursuant to an agreement with the Commonwealth, Appellant pled guilty to one count of criminal conspiracy to commit aggravated assault, a first-degree felony. On April 20, 2009, he was sentenced to seven to fourteen years incarceration.

Appellant timely moved for reconsideration of his sentence and reconsideration was granted. On June 26, 2009, the court resentenced him to sixty-nine months to twelve years in a state correctional institution. Immediately following the pronouncement of the new sentence, counsel for Appellant orally moved to withdraw and the court granted the motion. The court did not appoint counsel for a possible direct appeal and no direct appeal was filed.

Appellant timely filed a PCRA petition and counsel was appointed. Counsel filed an amended petition on Appellant's behalf alleging that as a result of counsel's withdrawal at sentencing, Appellant was denied effective assistance of counsel post-sentence and for purposes of appeal. Following an evidentiary hearing on January 20, 2010, the court denied PCRA relief. Appellant timely appealed to this Court and we held that the PCRA court failed to determine, as mandated in Pa.R.Crim.P. 120(B)(3), whether, upon granting coun-

sel's leave to withdraw, new counsel was entering an appearance or being appointed, or whether Appellant was proceeding without counsel. *Commonwealth v. Corley*, 26 A.3d 1210, 2011 Pa.Super. LEXIS 1599 (unpublished memorandum). Since Appellant did not waive counsel or indicate that he desired to proceed *pro se*, Appellant was denied counsel and effectively foreclosed from pursuing a direct appeal. We reversed and remanded for reinstatement of Appellant's appellate rights *nunc pro tunc* and appointment of counsel.

On April 19, 2011, following remand, Appellant sought reinstatement of his right to file a post-sentence motion, averring that the Superior Court's reversal included the right to file a post-sentence motion *nunc pro tunc*. By order dated April 20, 2011, the court denied Appellant's petition. Appellant filed the within appeal to this Court on May 5, 2011, and complied with the trial court's order to file a Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion incorporating its earlier opinion of February 9, 2010. The matter is now ready for our review.

Appellant raises two issues for our consideration:

I. Is there a substantial question for which the Superior Court should grant allowance of appeal from the discretionary aspects of the sentence?

II. Is the sentence harsh and manifestly excessive, and therefore unjust and unreasonable?

Appellant's brief at 4.

Appellant's issues on appeal challenge discretionary aspects of his sentence. We held in *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006) that before we reach the merits of such a claim,

we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *Commonwealth v. Hyland*, 2005 PA Super 199, 875 A.2d 1175, 1183 (Pa.Super.2005). The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. *Id.* Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. *Id.* Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case. *Id.*

Appellant's appeal is timely. We turn next to determine whether Appellant has preserved his challenge that his sentence is manifestly excessive. Upon remand, Appellant sought permission to file a post-sentence motion *nunc pro tunc* in order to preserve this claim. In its April 20, 2011 order, the trial court denied his petition, reasoning that this Court's reinstatement of Appellant's appellate rights did not include the right to file a post-sentence motion because Appellant had previously filed such a motion and was granted relief. Order, 4/20/11, at 1 n. 1. Appellant asks that this Court treat his petition for reinstatement of his right to file a post-sentence motion as a post-sentence motion. Appellant's brief at 14. The Commonwealth counters that the issue is waived as Appellant did not raise it at sentencing or by post-sentence motion, citing *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super.2003). The Commonwealth insists that

by failing to file such a motion, Appellant deprived the sentencing judge of the opportunity to reconsider or modify its sentence. Appellant's brief at 7. We disagree for the following reasons.

At first blush it would appear that our Supreme Court's decision in *Commonwealth v. Liston (Liston II)*, 602 Pa. 10, 977 A.2d 1089 (2009) governs this issue. Therein, the court held that the reinstatement of the appellant's direct appeal rights *nunc pro tunc* where his counsel neglected to file a requested appeal did not include the reinstatement of his right to file post-sentence motions *nunc pro tunc*. The Court relied upon the rule in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), that generally a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review. While an exception to that rule was carved out in *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831, 854–55 (2003) for ineffective assistance of counsel claims that were raised below, developed in the certified record, and definitively determined by the trial court, the Court declined to extend the *Bomar* exceptions permitting a defendant to obtain what it characterized as collateral review even before a direct appeal was filed. The Court held that counsel's failure to file post-sentence motions did not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice. *Id.* at 1092 (citing *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119 (2007)).

This Court subsequently relied upon *Liston II* in *Commonwealth v. Fransen*, 986 A.2d 154 (Pa.Super.2009), holding that a PCRA petitioner who is granted reinstatement of his direct appeal rights *nunc pro tunc* is not entitled to a subsequent order reinstating his right to file post-sentence motions *nunc pro tunc* if he did not request such relief from the PCRA court,

and if the court did not hold an evidentiary hearing on that issue.

We find *Liston II* and *Fransen* to be distinguishable on the facts. Therein, the issues involved the ineffectiveness of counsel and *Grant's* prohibition against the review of such claims on direct appeal. Instantly, Appellant was granted PCRA relief because he was denied counsel entirely throughout the post-sentence and direct appeal period when he was constitutionally entitled to counsel. As relief was not based on the ineffective assistance of counsel, but instead the denial of counsel, *Grant* is not directly implicated and the rationale underlying *Liston II* and *Fransen* is inapplicable.[1]

We also note that Appellant, in his first PCRA appeal, specifically alleged that he was denied his Sixth Amendment right to counsel at both the post-sentence and direct appeal stages. This Court agreed, finding a violation of Pa.R.Crim.P. 120(B)(2)(b), and reinstated Appellant's appellate rights. We find that our prior holding implicitly countenanced the filing of a post-sentence motion upon remand since Appellant was without counsel at the time such motion was due.

Furthermore, the purpose behind a post-sentence motion has been satisfied herein. The trial court already had an opportunity to modify Appellant's sentence prior to the first appeal and did so. Moreover, we have the benefit of the trial court's reasoning in imposing Appellant's sentence as the court addressed this at length in its Rule 1925(b) opinions. For the foregoing reasons, we decline to find waiver.

■ Appellant has filed a concise statement pursuant to Pa.R.A.P. 2119(f)

setting forth the reasons why an appeal should be allowed on the discretionary aspects of his sentence. The only remaining prerequisite to our review is whether the issue raises a substantial question. *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005). In order to establish a substantial question, an appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. We determine whether a particular case raises a substantial question on a case-by-case basis. *Id.*

■ Appellant claims that the sentence imposed at resentencing is excessive and was motivated by bias. In support of that proposition, Appellant points to the original sentence, which exceeded the sentencing guidelines and which the trial court failed to justify by stating its reasons on the record or in a separate written statement. Furthermore, Appellant alleges that the court expressed its displeasure on the record with the guidelines and imposed a modified sentence that was in excess of the sentence agreed to by the Commonwealth and the victim. Finally, Appellant complains that the sentence was excessive given his cooperation with the authorities and his good behavior while incarcerated.

■ While a claim that the court failed to consider certain mitigating factors does not present a substantial question, *see Commonwealth v. Johnson*, 961 A.2d 877 (Pa.Super.2008), an allegation of bias in sentencing implicates the fundamental norms underlying sentencing and hence, we find that it raises a substantial question. Thus, we will proceed to the merits

---

1. Despite our finding that *Liston II* and *Fransen* are inapplicable on the facts herein, we note that evidence that Appellant was denied counsel during both the post-sentence and appeal stages was adduced at the PCRA hearing.

of Appellant's claim that his sentence was unduly harsh and excessive.

■■■ The sentence subject to review is a standard range sentence imposed after the trial court reconsidered and modified its earlier sentence, which exceeded the aggravated range. The court had a pre-sentence report and acknowledged reviewing it. As we indicated in *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.2010), where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988); *see also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super.2005) (if sentencing court has benefit of pre-sentence investigation, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Moreover, we can reverse a standard-range sentence only if the sentence is clearly unreasonable when viewed in light of the four statutory factors outlined in 42 Pa.C.S. § 9781(d). *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 963–964 (2007); *see also Commonwealth v. Macias*, 968 A.2d 773 (Pa.Super.2009). Section 9781(d) provides that when we review this type of question, we have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Walls, supra* at 963. Furthermore, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." *Macias, supra* at 777 (quoting *Walls, supra* at 964).

■■■ We do not find Appellant's standard range sentence to be unduly harsh or excessive or the result of bias on the part of the trial court. Our review of the record reveals that the court did state its reasons for imposing a sentence in excess of the aggravated range and that those reasons did not involve displeasure with guidelines, as Appellant suggests. Indeed, at the first sentencing the court merely observed that the guideline ranges did not fully take into account the seriousness of the criminal acts herein. The court found particularly egregious the fact that following a brief altercation outside the bar, Appellant and his co-conspirator departed, retrieved a shotgun, returned to the scene, and started shooting, wounding two people. The twenty-eight spent shells of various calibers found at the scene confirmed the extent of the gunfire. These circumstances were the basis for the trial court's imposition of a sentence in excess of the aggravated range.

■■■ We note that if Appellant believed that the trial court was biased when it imposed its initial sentence, the proper practice was to address an application for recusal by petition to the judge. *Commonwealth v. Whitmore*, 590 Pa. 376, 912 A.2d 827 (2006). Appellant did not seek recusal herein, instead seeking reconsideration. Moreover, the trial court vacated its sentence when asked to do so in a properly filed post-sentence motion and resentenced Appellant in the standard range.

Nor do we agree with Appellant's contention that the court's decision to deviate from the recommendation in the pre-sentence report of a five to ten year period of incarceration, which the Commonwealth and one of the victims agreed was appropriate, suggests bias. The trial court had the opportunity to observe Appellant, hear first-hand his explanation for his conduct, and consider the totality of the circumstances. Indeed, at resentencing, the court imposed a standard range sentence despite the fact that Appellant attempted to justify his criminal conduct, insisted he had been tricked into pleading guilty, and showed no remorse. N.T. Resentencing, 6/26/09, at 5–7.

The real source of Appellant's discontent is the fact that Appellant's co-conspirator later pled guilty to two counts of recklessly endangering another person and was sentenced to two to four years incarceration. Appellant asserts that his co-conspirator was the shooter and that it is unjust that he received a lighter sentence. As the sentencing court correctly noted, however, Appellant was liable for the acts of his co-conspirator. Furthermore, the trial court considered Appellant's prior record score, his ten-year criminal history, and the fact that he absconded from supervision when he moved to Allentown from New Jersey. N.T. Sentencing, 4/20/09, at 11–12, 19–21. Finally, as Appellant's co-conspirator was apprehended and sentenced long after Appellant was resentenced, any disparity in sentencing cannot be attributed to any bias against Appellant.

The record herein belies any bias or partiality on the part of the trial court as the basis for the standard range sentence imposed. Hence, this claim fails.

Judgment of sentence affirmed.