J-S63006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LONNIE RAY GAINER JR., | |
| Appellant | No. 722 MDA 2014 |

Appeal from the Judgment of Sentence April 10, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002064-2012

BEFORE: BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 15, 2014**

Lonnie Ray Gainer, Jr. appeals the discretionary aspects of the sentence that the trial court imposed after Appellant was convicted by a jury of driving under the influence of alcohol and endangering the welfare of a child. We affirm.

While Appellant did not include the trial transcript in the certified record, we have gleaned the following from other documents. On October 14, 2012, Appellant went to the home of his former girlfriend, Derina McCaslin, with whom he had a son. According to the criminal complaint, he pushed Ms. McCaslin, and smashed her head on the concrete several times. Appellant then took his son, placed him in the car, failed to properly restrain the young boy, and drove away. Ms. McCaslin called police

_____

[*] Retired Senior Judge assigned to the Superior Court.

and reported that Appellant appeared to be intoxicated when he left in his car with their son. Pennsylvania State Trooper Adam S. Kirk investigated the incident and immediately found Appellant at his home. Appellant smelled of alcohol, and a preliminary breath test confirmed this fact. Appellant was arrested for DUI and transported to a local hospital for a blood draw.

Appellant was charged with driving under the influence of alcohol (general impairment), DUI (highest rate of alcohol), simple assault, and reckless endangerment. On November 15, 2013, a jury convicted him of the two counts of DUI and reckless endangerment, but acquitted him of simple assault. The trial court then adjudicated him guilty of driving with a suspended license.

On April 10, 2014, the matter proceeded to sentencing where the sentencing court had a pre-sentence report. Appellant had a prior record score of three, which included a 2007 DUI conviction that involved an accident wherein he caused bodily injury to a family member. The standard sentencing range for a DUI conviction was six to sixteen months imprisonment. The reckless endangerment charge carried a standard range of restorative sanctions to twelve months incarceration.

The sentencing court observed that, when this offense occurred, Appellant had two criminal investigations pending against him. Additionally, after he was released on bail in this matter, Appellant violated a Protection From Abuse agreement, and Appellant's summary offense of driving with a

suspended license was his sixth conviction for that crime. The court voiced its disapproval of the fact that, at trial, Appellant claimed that he was not driving the car after he took his son, and that Appellant presented a witness who supposedly was the driver. At sentencing, Appellant admitted this evidence was false. Appellant presented mitigating evidence, including that he had a steady work history and supported his two children. Ms. McCaslin also testified on Appellant's behalf.

The court elected to sentence Appellant in the standard range for both offenses. On the two DUI offenses, Appellant received a single sentence of one to five years imprisonment. The court articulated that it imposed a state sentence due to Appellant's history of alcohol-related difficulties. Additionally, a state sentence was imposed since, at trial, Appellant committed perjury by falsely testifying that he was not driving his car when he retrieved his son on October 14, 2012. Appellant also suborned perjury by having someone else testify that he was driving the car at the time.[1] For reckless endangerment, Appellant received two years probation to be served concurrently with the jail term.

Appellant filed a timely motion for reconsideration. This appeal followed its denial. Appellant raises a single question: "Whether the sentencing court abused its discretion by imposing an excessive state sentence[?]" Appellant's brief at 7. This allegation pertains to the

_____

[1] The court indicated at sentencing that a perjury investigation against Appellant and his witness was pending.

- 3 -

discretionary aspects of the sentence imposed. It is settled that the "right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa.Super. 2014) (citation omitted).

The four-part test is: 1) the appellant's appeal must be timely; 2) the issue must be preserved at the trial court level; 3) the appellant's brief has to contain the statement required by Pa.R.A.P. 2119(f);[2] and 4) that statement must raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Buterbaugh*, *supra* at 1265-66. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. at 1266 (citation omitted).

In this case, the appeal is timely, and an excessiveness claim was preserved in a post-sentence motion. Appellant's brief contains a Pa.R.A.P. 2119(f). Appellant's brief at 13. Appellant maintains that his sentence was excessive in that "all relevant factors were never considered by the court

---

[2] That rule provides, "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."

prior to sentencing." **Id**. Appellant points to the fact that he presented evidence at sentencing that he was a dedicated father and good employee and suggests that the state sentence failed to account for this mitigating evidence and his rehabilitative needs.

A sentencing court must weigh the rehabilitative needs of a defendant when it decides whether to impose a sentence of imprisonment. 42 Pa.C.S.A. § 9721(b) (When deciding which type of sentence to impose among the alternatives available to it, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."). Hence, an allegation that the court failed to consider mitigating sentencing factors when imposing its sentence raises a substantial question. **Commonwealth v. Macias**, 968 A.2d 773 (Pa.Super. 2009). We therefore will consider the merits of Appellant's claim and outline the applicable standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super. 2014).

As noted, Appellant's position is that his sentence was excessive and imposed without consideration of his mitigating evidence and rehabilitative needs. Appellant's sentences fell squarely within the standard range of the sentencing guidelines and actually were made concurrent to each other. The sentence on the reckless endangerment charge was in the low standard range, and the one-year jail sentence on the DUI was four months below the highest permissible standard-range sentence. Additionally, the sentencing court had a pre-sentence report and articulated its reasons for imposing its sentence, that being Appellant's behavior before and after the incident in question as well as his presentation of a false defense.[3] There is no record support for finding that the court abused its discretion herein.

Appellant complains that, in light of his steady work history and support of his children, the sentence was excessive. He notes that, at sentencing, Ms. McCaslin pled for clemency, and he insists that the sentence was based solely upon his commission of perjury and subornation of perjury rather than a consideration of all pertinent sentencing factors. However, the sentencing court was fully aware of Appellant's positive work history and record of providing child support, and it heard Ms. McCaslin's sentencing

_____

[3] While Appellant suggests in his Pa.R.A.P. 2119(f) statement that the court punished him for exercising his right to a jury trial, this position is belied by the record. The court was disturbed by the fact that Appellant perjured himself when he testified at trial that he was not driving the car after he retrieved his son. The court was equally unhappy about Appellant's subornation of perjury by presenting a witness who claimed to be driving the vehicle at the time.

plea. It is presumed to have weighed those factors in its sentencing decision. ***Commonwealth v. Dodge***, 77 A.3d 1263 (Pa.Super. 2013); ***Macias***, ***supra***. Thus, this position is properly construed as a challenge to the weight placed on the various sentencing factors by the sentencing court, and it does not raise a substantial question. ***Commonwealth v. Christine***, 78 A.3d 1 (Pa.Super. 2013).[4]

Additionally, the court had and reviewed a pre-sentence report and imposed standard-range sentences. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa.Super. 2011) (citation omitted). Hence, we reject Appellant's challenges to the sentence herein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014

_____

[4] Appellant avers that the sentencing court "failed to address how a state sentence would contribute to the rehabilitative needs of the appellant or to the good of the victims and the community." Appellant's brief at 10; ***see also id***. at 11. This claim was not preserved during the trial court proceedings, nor was it contained in Appellant's Pa.R.A.P. 1925(b) statement.