J-S59021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ALLEN TEVIS, | : | |
| | : | |
| Appellant | : | No. 185 WDA 2015 |

Appeal from the Judgment of Sentence December 16, 2014,
Court of Common Pleas, Blair County,
Criminal Division at No. CP-07-CR-0000703-2012

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED OCTOBER 06, 2015**

Appellant, Christopher Allen Tevis ("Tevis"), appeals from the judgment of sentence entered on December 16, 2014 by the Court of Common Pleas of Blair County, Criminal Division, following remand from this Court for resentencing.  For the reasons that follow, we affirm.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> On August 23, 2011, D.S. and Tevis, her boyfriend at the time, argued about their relationship throughout the day.  When D.S. attempted to leave Tevis' apartment, Tevis stood in front of the doorway, blocking her from exiting.  Around midnight, Tevis demanded to have sexual intercourse with D.S., a request that she refused.  According to D.S., Tevis then grabbed her by the arms, punched her in the head, used a utility knife to cut her shirt below her breast, and held a large kitchen knife to her throat.  Eventually[,] D.S. was able to escape Tevis' residence.  D.S. later called the

*Former Justice specially assigned to the Superior Court.

police and was taken to the Altoona Hospital by an ambulance. At the hospital, D.S. accused Tevis of raping and assaulting her. On August 29, 2011, the Altoona Police arrested Tevis and charged him with aggravated assault, simple assault, rape—forcible compulsion, and unlawful restraint.[1] At the time of his arrest, Tevis made several unsolicited statements to the police. Specifically, Tevis stated that D.S. had physically attacked him without provocation by punching him in the face multiple times. Tevis further alleged that any injuries that D.S. suffered were the result of Tevis defending himself against D.S.

Tevis was unable to post bail and remained lodged in the Blair County Prison. While incarcerated, Tevis mailed a series of letters to D.S. [Based on these letters as well as phone calls he made to D.S., Tevis was charged with intimidation of witnesses or victims and harassment[2] on February 27, 2012. Those charges were filed and docketed at CP-07-CR-0000703-2012.]

\* \* \*

The trial court consolidated Tevis' two cases for a jury trial, which commenced on July 30, 2012, and ended on August 1, 2012.

\* \* \*

On August 1, 2012, the jury acquitted Tevis of rape—forcible compulsion, aggravated assault, and unlawful restraint. The jury found Tevis guilty of simple assault and intimidation of witnesses or victims. On November 1, 2012, Tevis was sentenced at both docket numbers. The trial court sentenced Tevis to six to twelve months' imprisonment for

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2701(a)(1), 3121(a)(2), 2902(a)(1).

[2] 18 Pa.C.S.A. §§ 4952(a)(2), 2709(a)(7).

> simple assault, and sixty to one hundred twenty months' imprisonment for intimidation of a witness. Imposed consecutively, Tevis' sentences resulted in an aggregate term of five and one half to eleven years' incarceration.
>
> On November 1, 2012, Tevis timely filed a post-sentence motion seeking a new trial in both cases. On November 13, 2012, Tevis filed a supplemental post-sentence motion. Therein, Tevis argued, inter alia, that the sentence imposed for intimidation of a witness was "too harsh under the circumstances," given that the jury acquitted Tevis of rape. Supplemental Post-Trial Motions, 11/13/2012, at 1 (unnumbered). On February 15, 2013, the trial court denied Tevis' post-sentence motions without a hearing. On that same day, Tevis timely filed a notice of appeal.

*Commonwealth v. Tevis*, 403 WDA 2013 at 1-5 (Pa. Super. October 3, 2014) (unpublished memorandum).

On October 3, 2014, a panel of this Court vacated Tevis' simple assault conviction and remanded the case for a new trial on that charge. *See id.* at 19-27, 29. "Because the trial court imposed Tevis' sentences for simple assault and intimidation of witnesses or victims consecutively," the panel further determined that its "disposition has disturbed the court's overall sentencing scheme." *Id.* at 29. Therefore, the panel vacated Tevis' judgment of sentence in its entirety and remanded for resentencing on the intimidation of witnesses or victims count after retrial on the simple assault count. *Id.*

- 3 -

On remand, the Commonwealth chose not to retry Tevis on the simple assault charge resulting in the dismissal of that charge. *See* Trial Court Order, 12/16/14, at 1. On December 16, 2014, following a sentencing hearing, the trial court resentenced Tevis to a term of five to ten years of incarceration on the intimidation of witnesses or victims charge. On December 24, 2014, Tevis filed a motion to modify sentence in which he averred his sentence was inconsistent with "his lack of adult record and good conduct while in jail." Post-Sentence Motion to Modify Sentence, 12/24/14. The trial court denied Tevis' post-sentence motion on January 9, 2014.

This timely appeal followed.[3] On appeal, Tevis raises the following issue for our review: "Whether the trial court's excessive sentencing of Tevis to sixty (60) months to one hundred twenty (120) months [of incarceration] in file 703-2012 raises a substantial question as to the reasonableness of the sentence[?]" Tevis' Brief at 6.

The sole issue Tevis raises on appeal challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction

---

[3] The trial court did not order Tevis to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether,

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Tevis preserved his discretionary aspects of sentencing claim by raising it in a post-sentence motion. ***See*** Post-Sentence Motion to Modify Sentence, 12/24/14. Tevis also filed a timely notice of appeal and included in his appellate brief a concise statement of the reasons relied upon for the allowance of his appeal pursuant to Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure. ***See*** Tevis' Brief at 10. Thus, we must determine whether Tevis' discretionary aspects of sentencing claim raises a substantial question for our review. Tevis argues that his sentence is excessive and that

the trial court failed to consider mitigating factors such as his "young age, low prior record score, and statement of self-accountability." *Id.* This Court recently has held "that an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005)). Accordingly, we turn our attention to the merits of Tevis' sentencing claim.

Our standard of review for discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

Our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c). In reviewing the record, we must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

We conclude that the trial court did not abuse its discretion in sentencing Tevis. The certified record reflects that Tevis received a sentence in the standard guideline range. *See* N.T., 12/16/14, at 24. Additionally, the trial court had a presentence investigation report and acknowledged

reviewing it. *Id.* at 19. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011). Additionally, "[i]n those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (quotations and citations omitted).

Furthermore, contrary to Tevis' assertions, the certified record reflects that it took into consideration several mitigating factors in sentencing Tevis, including his low prior record score and statement of accountability. ***See*** N.T., 12/16/14, at 19-25. The trial court, however, indicated that it did not accept Tevis' statement of accountability, because Tevis merely claimed that his crimes were the result of anger issues. *Id.* at 19. Rather, the trial court found, based on the nature of his crimes, that his actions were the product of someone who was sociopathic, calculating, and manipulative. ***See id.*** at 20. The trial court determined that the act of threatening and intimidating someone into changing her story against him was not the result of a "flash" of anger, but rather was a calculated and manipulative effort to get out of trouble. ***See id.*** at 21. The trial court also took into consideration Tevis' psychiatric history, which included diagnoses of bipolar disorder, obsessive-compulsive disorder, and attention deficit hyperactivity disorder, noting that in the past, Tevis had not been receptive to treatment for these mental

health issues. *See id.* at 20, 23. Based on these findings, the trial court determined that Tevis was a danger to others, was not a reformed individual, and belonged in prison. *See id.* at 20-21.

Therefore, there is no support for Tevis' claim that his sentence was excessive and that the trial court did not take into consideration certain mitigating factors in sentencing him. Accordingly, Tevis' discretionary aspects of sentencing claim does not entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015