J-S28002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK LUCAS, | |
| Appellant | No. 831 EDA 2015 |

Appeal from the Judgment of Sentence December 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007008-2010

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED APRIL 01, 2016**

Frank Lucas appeals from the judgment of sentence of seven to fifteen years incarceration followed by two years probation.  The sentence was imposed after Appellant pled guilty to possession of a controlled substance with intent to deliver ("PWID") graded as a first-degree felony, possession of a firearm by a person not to possess, and possession of an instrument of crime ("PIC").  We affirm.

We set forth the pertinent facts of the crimes in a previous appeal:

> Officer Simon Murray responded to a radio call at approximately 2:30 a.m. on April 9, 2010.  Arriving at 104 West Sparks Street, Officer Murray observed a woman running down the street screaming that a male was stabbed.  The officer discovered [Lucas] on the front steps of the address, covered in blood.  It was later learned that the woman who ran down the street had stabbed [Lucas].  Officer Murray called for an ambulance, and his partner arrived.  Seeing copious amounts of

* Retired Senior Judge assigned to the Superior Court.

blood leading into the home, Officer Murray entered to check for other potential victims. The officer first traveled upstairs into a front bedroom, but did not locate anyone. He then moved to the middle bedroom, which was locked. Officer Murray did not attempt to enter and instead entered a back bedroom and found another individual. He sent that person outside and continued into the basement, following a blood trail. Officer Murray noticed blood on a washer and dryer and opened the dryer. A strong odor of marijuana permeated from the dryer and a large duffel bag was located inside. Police then ceased their search, secured a search warrant, and recovered the duffel bag. The bag contained eleven ziplock bags of [ten pounds of] marijuana. Also located within the residence was a firearm and drug paraphernalia.

*Commonwealth v. Lucas*, 64 A.3d 271 (Pa.Super. 2013) (unpublished memorandum at 1-2), *appeal denied*, 572 A.3d 601 (Pa. 2013).

Appellant filed an omnibus pre-trial motion, seeking to suppress the seized evidence. The motion was granted, and, on appeal, we reversed. *Id*. After remand, Appellant tendered an open guilty plea on October 6, 2014, to PWID, persons not to possess, and PIC. The court ordered preparation of a presentence report, and the matter proceeded to sentencing on December 19, 2014. At that time, Appellant had been incarcerated since 2011 in state prison based upon convictions occurring during the pendency of the Commonwealth's appeal.

In mitigation of his sentence, Appellant first argued that, given that he was fifty years old, he was done with criminal activities. He also outlined that, since his imprisonment, he completed vocational and educational programs, a drug and alcohol treatment program, and anger management

and parenting skills classes. Additionally, Appellant received above-average performance ratings on prison job assignments and participated in religious activities. Finally, Appellant noted that he had many family members to support him if he was released from jail. When Appellant proffered the certificates of completion for the various programs, the sentencing court indicated that it believed that Appellant had completed them so that it did not need to review the documents, and it also stated that it was familiar with the various programs mentioned by Appellant. N.T. Sentencing, 12/19/14, at 15-16.

The court refused Appellant's request that he receive "a sentence below the guidelines." *Id*. at 15. It explained that the presentence report indicated that Appellant "is a dope salesman who likes to – who carries guns, and that's all there is to it." *Id*. at 14. The court likewise was disinclined to believe that Appellant would cease to engage in criminal activities due to his advanced age. It explained:

> He's way past the age of ceasing criminality. He's 11 years past the age when people stop. He's a career criminal. He will remain a career criminal if I send him back on the streets.
>
> I don't care how much support he has, how much he's done. He's doing everything he can to get out of jail. He's a career criminal, and there's nothing that you can give me to disabuse me of that. I've seen his record. I've seen his prior record score, and that's who he is. And he'll come back out and he's going to sell dope again.
>         . . . .

> [H]e's going to sell dope because that's what he does. That's who he is. That's his job. That's his occupation. His occupation is dope sales.

*Id*. at 14.

Thereafter, the court ascertained the applicable guideline ranges. Appellant's counsel stated that the PWID had an offense gravity score of seven, the weapons offense's offense gravity score was ten, and Appellant's prior record score was five. Under the applicable guidelines, the standard range sentence for the weapon's conviction was five to six years in jail and for the PWID it was two to two-and-one half years imprisonment.[1]

Appellant exercised his allocution rights for a significant period. Appellant's wife, daughter, and cousin then spoke to the court in mitigation of sentence. The court indicated that it was merging the PIC offense and would not impose a sentence on it. The court elected to impose two standard range sentences: two to five years on the PWID and a consecutive term of five to ten years on the firearm's offense, for a total of seven to fifteen years. It also imposed a two year probationary term that could be served concurrently with any parole time granted to Appellant.

---

[1] Appellant's crimes were committed in 2010 so that the applicable guidelines are the sixth edition enacted on June 3, 2005.

Appellant filed a timely motion to modify his sentence, which was denied. This appeal followed. Appellant raises the following issue on appeal:

> Did the trial court err, and abuse its discretion, in imposing a consecutive aggregate sentence of 7 to 15 years incarceration plus 2 years consecutive probation in that said sentence was unreasonable, excessive, and did not consider any of the mitigation evidence presented by Appellant?

Appellant's brief at 2.

This contention concerns the discretionary aspects of the sentence imposed. A defendant does not enjoy an automatic right to direct review of the discretionary aspects of a sentence. *Commonwealth v. Haynes*, 125 A.3d 800 (Pa.Super. 2015). Instead, our jurisdiction is invoked only when a four-part test is satisfied: 1) the appeal must be timely; 2) the issue has to have been preserved in a motion to reconsider or by objection at sentencing as well as in response to an order to file a Pa.R.A.P. 1925(b) statement; 3) the appellate brief must contain the statement required by Pa.R.A.P. 2119(f); and (4) that statement has to raise the existence of a substantial question that the sentence is not appropriate under the Sentencing Code. *Id*.

In this case, the appeal was timely, and the contention was preserved in a post-sentence motion to modify and in Appellant's Pa.R.A.P. 1925(b) statement. Also, Appellant's brief contains a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal from the discretionary aspects of his

sentence. Therein, he maintains that the court violated the provisions of the Sentencing Code by failing to consider all of the factors outlined in 42 Pa.C.S. § 9721(b), and, in particular, his age, family history, and rehabilitative needs. Appellant's brief at 3. This position raises the existence of a substantial question. 42 Pa.C.S. § 9721(b) (when determining whether to impose a sentence of imprisonment, the court must follow the precept that the sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."); *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa.Super. 2013) (finding that defendant's "claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review"); *Commonwealth v. Riggs*, 63 A.3d 780 (Pa.Super. 2012) (averment that trial court failed to consider factors outlined in § 9721(b) raised a substantial question). We therefore will review Appellant's contention.

It is settled that "the trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014). The rationale behind according trial courts this broad discretion is "that the sentencing court is in the best

position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id*. (citation and quotation marks omitted). First, "the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." *Id*. Additionally, "the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." *Id*.

Appellant's averment is that his sentence was unreasonable and excessive because the court did not consider any of the mitigation evidence he presented. We observe that the sentencing court had the benefit of a pre-sentence report. In light of the court's use of a pre-sentence report, we are required to presume that the "sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id*. at 28 (citation omitted). The sentencing court listened to Appellant's lengthy allocution, the evidence regarding his prison activities, and the testimony of Appellant's relatives. As our Supreme Court so eloquently stated in ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (emphasis added):

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed

those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. **It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand**.

The sentencing court was well aware of all the mitigation evidence now relied upon by Appellant; therefore, we presume that it weighed that proof. It merely did so in a manner that Appellant did not want, and it rejected his request that he not receive any prison term at all. However, we are not permitted to re-weigh the sentencing factors. *Commonwealth v. Macias*, 2 968 A.2d 773, (Pa.Super. 2009). Moreover, the sentence in question was within the standard range of the guidelines, and cannot be considered excessive or unreasonable. *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa.Super. 2011) ("As we indicated in *Commonwealth v. Moury,* 992 A.2d 162, 171 (Pa.Super. 2010), where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive."). Hence, we must reject Appellant's position on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2016