J-S07015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAVID KEMPER CARTER | |
| Appellant | No. 1252 MDA 2016 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001878-2014

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                         **FILED MARCH 07, 2017**

David Kemper Carter appeals from the July 9, 2015 judgment of sentence of five to ten years imprisonment.  Sentence was imposed after Appellant was convicted by the trial court of a violation of the Uniform Firearms Act ("VUFA"), *i.e.*, possession of a firearm by a prohibited person, and after he entered a guilty plea to  possession of a controlled substance with intent to deliver ("PWID").  We reject Appellant's challenge to the discretionary aspects of the sentence imposed and affirm.

On April 21, 2015, Appellant proceeded to a jury trial on the PWID charge.  The VUFA offense had been severed and was to be adjudicated by the trial court.  The following proof was adduced at that proceeding.  On October 18, 2014, Appellant was on state parole, and Agents Tracy Gross,

Jason LaMay, Jon Lahr, and Matt Kieski of the Pennsylvania Board of Probation and Parole conducted a visit at Appellant's home on 1306 Scott Street, Williamsport. When the agents arrived, Appellant was lying on a couch immediately to the right of the front door and invited them into his house. Appellant's wife and other people were present.

Agent Gross and Appellant spoke in the kitchen, where Agent Gross asked Appellant if there were any items in the house that would constitute a violation of his parole. Appellant acknowledged that there was marijuana in his wife's purse, more marijuana on top of the refrigerator, and a gun on the sofa where he had been lying. Appellant's wife gave her handbag to Agent Gross, who looked inside and found a large baggie containing nineteen smaller baggies of marijuana. Agent Gross recovered additional marijuana, consisting of eighty-eight individually packaged bags of marijuana worth ten dollars each, on top of the refrigerator. The weapon, a loaded .22 caliber semiautomatic handgun, was on top of the couch, but it was underneath a pillow. The agents also recovered a digital scale on the nightstand in an upstairs bedroom, a holster underneath the bed, and ammunition for the gun on top of the refrigerator. An expert witness indicated that the marijuana was possessed with intent to deliver.

After this proof was submitted at the jury trial, a mistrial was declared due to a reference to infirm evidence. The trial court proceeded to adjudicate the VUFA offense. Appellant's wife Heather Marie Hersh testified

that the gun belonged to her and that she purchased it for protection. The trial court found Ms. Hersh's testimony incredible and concluded that Appellant, a convicted felon, possessed the weapon recovered on the couch. It adjudicated Appellant guilty of the VUFA violation. Thereafter, on May 12, 2015, Appellant elected to plead guilty to PWID pursuant to a negotiated plea agreement whereby he was to receive a concurrent sentence on that crime.

On July 9, 2015, the matter proceeded to sentencing, where the trial court had the benefit of a presentence report. Since Appellant had a prior record score of five, the standard range for the VUFA conviction was five to six years, with an aggravated range of seven years. The Commonwealth asked for an aggravated range sentence because Appellant's young grandchildren were present on the day of the home visit and the loaded gun was accessible to them. It also pointed out that Appellant had three prior convictions for PWID and one for carrying an unlicensed gun.

Appellant argued for a mitigated range sentence based upon Appellant's cooperation with Agent Gross on the day of the home visit and due to "serious medical concerns that [Appellant] faces on a day-to-basis." N.T. Sentencing, 7/9/15, at 5. Specifically, Appellant had been shot in the spine, had a colostomy, and had a history of kidney and heart problems and urinary tract infections. Appellant pointed out to the trial court that he had not committed a criminal offense since 2006. Finally, Appellant asserted

that he bought the gun for self-protection, after he was assaulted by neighbors.

Appellant was sentenced to a standard-range sentence of five to ten years imprisonment for the VUFA conviction, and, concurrently, as required by the plea agreement, on the PWID offense. He filed a timely motion for reconsideration of the sentence, maintaining that it should have been in the mitigated range due to the noted health problems and his period of good behavior. That motion was denied, and Appellant filed a direct appeal, which was dismissed due to his failure to file a brief. Appellant filed a timely PCRA petition, counsel was appointed, and Appellant's appellate rights were reinstated *nunc pro tunc*. This timely appeal followed. Appellant complied with the court's directive to file a Pa.R.A.P. 1925(b) statement, and the matter is read for our review.

Appellant presents this question:

I.    Did the trial court abuse its discretion when it imposed periods of incarceration for a manifestly excessive aggregate sentence of five (5) years to ten (10) years when the Court failed to consider mitigating factors such as Mr. Carter's medical needs, his cooperation with police and parole agents, and his motives for possessing the firearm?

Appellant's brief at 11.

As we recently observed in **Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa.Super. 2016) (citation omitted), "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of

- 4 -

right." Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*.

Instantly, Appellant filed a timely appeal, and preserved his contention in his motion for reconsideration of sentence as well as his Pa.R.A.P. 1925(b) statement. Additionally, his brief contains a Pa.R.A.P. 2119(f) statement. **See** Appellant's brief at 16.[1] Appellant maintains that his sentence is excessive as the sentencing court did not consider the mitigating facts at issue herein. Appellant relies upon **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa.Super. 2005), wherein we ruled that the defendant raised a substantial question when he averred that his sentence was manifestly excessive and that the court "failed to consider substantial mitigating factors

---

[1] The Commonwealth has not filed its brief in this matter.

presented on his behalf." Accordingly, Appellant has presented a substantial question, and we will address the merits of his claim on appeal.[2]

We note that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***McLaine***, ***supra*** at 75–76.

The seminal case setting forth the parameters of the Superior Court's review of a sentence is ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007). The ***Walls*** Court stressed the deferential nature of our examination of any sentence, stating that the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an

---

[2] We acknowledge that the Superior Court has issued conflicting decisions as to what constitutes a substantial question, including whether a substantial question is raised when the defendant claims that the court did not consider mitigating factors. ***See Commonwealth. v. Dodge,*** 77 A.3d 1263, 1272 n. 8 (Pa.Super. 2013) (*en banc*). In light of the alignment of Appellant's averments set forth in ***Perry***, we conclude that a substantial question is raised herein.

evaluation of the individual circumstances before it." *Id*. at 961 (citation and quotation marks omitted). Our Supreme Court noted that this Court's ability to review a sentence is constrained by 42 Pa.C.S. § 9781(c). That statute provides that we can vacate a sentence and remand for re-sentencing only if we find 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) a sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or 3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." *Id*.

Thus, since the present case was within the guidelines, we can reverse only if application of the guidelines was clearly unreasonable. While the statute does not contain a definition of what renders a sentence unreasonable, the **Walls** Court filled in that gap, stating: "'unreasonable' commonly connotes a decision that is 'irrational' or not guided by sound judgment." *Id*. at 963. Additionally, § 9781(d) of the Sentencing Code provides that when we review the record, we must have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

- 7 -

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

The Supreme Court in **Walls** held that a sentence can be deemed unreasonable only after review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b). That statute states in pertinent part:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing[.]

42 Pa.C.S. § 9721(b)

We reject Appellant's claim that the court did not take into account his health problems and other mitigating factors, such as his openness with Parole Agent Gross about the drugs and gun in his home and his period of good behavior. These facts were argued in mitigation, and the court had a presentence report. We thus are required to presume that the sentencing court weighed the mitigating factors present in this matter. **Commonwealth v. Macias**, 968 A.2d 773 (Pa.Super. 2009). Indeed, our Supreme Court has articulated that if "it can be demonstrated that the judge had any degree of awareness of the sentencing considerations," the

- 8 -

appellate courts must "presume . . . that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). In the present case, the sentencing court was well aware of all the facts that Appellant now relies upon in mitigation of his sentence.

Additionally, our review of the court's statements in support of its sentence confirm that it actually considered the mitigating circumstances herein. In justification of its sentence, it observed that the sentence "was at the lowest end of the standard range," that Appellant had a prior record score of five, and that he received a concurrent sentence on a PWID charge. Trial Court Opinion, 9/20/16, at 2. In its sentencing order, the court stated that it "rejected the request for an aggravated sentence due to, in part, the fact that [Appellant] had had a substantial period of good behavior after his last criminal act[.]" Sentencing Order, 7/9/15, at (unnumbered page) 2. It also asked that "the State Correctional Institute when classifying [Appellant] consider his medical needs in assigning him to an appropriate place of incarceration." **Id**. In further support of its sentencing decision, the sentencing court articulated that Appellant "chose to possess a loaded .22 caliber semi-automatic pistol on a couch cushion within his reach at his residence while also possessing drugs with the intent to deliver them" while children were visiting. Trial Court Opinion, 9/20/16, at 4. In its order and

opinion, the court expressly weighed all the pertinent sentencing factors. Accordingly, the court did not violate § 9721(b).

Moreover, our consideration of the factors outlined in § 9781(d) confirms that this standard-range sentence cannot be characterized as clearly unreasonable and did not constitute a manifest abuse of discretion. ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa.Super. 2011) (where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017

- 10 -