**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARON DAVIS, | : | |
| | : | |
| Appellant | : | No. 3602 EDA 2017 |

Appeal from the Judgment of Sentence September 26, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000596-2017

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 26, 2018**

Daron Davis appeals from the judgment of sentence imposed September 26 2017, in the Bucks County Court of Common Pleas. The trial court sentenced Davis to an aggregate term of 25 to 50 years' imprisonment, following his guilty plea to charges of, *inter alia*, attempted homicide, robbery and burglary,[1] for a November 2016 attack on Thomas Grimes in his home. Davis's sole issue on appeal challenges the discretionary aspects of his sentence. For the reasons below, we affirm.

The facts surrounding the brutal attack on Grimes by Davis and his co-defendants, Arthur McCorkle and Keliyah Reaves,[2] are well-known to the

_____

[1] **See** 18 Pa.C.S. §§ 901/2502, 3701(a)(1)(i), and 3502(a)(1), respectively.

[2] All three co-defendants pled guilty for their role in the attack. McCorkle's judgment of sentence of an aggregate 25 to 50 years' imprisonment was

parties, and we need not reiterate them herein. *See* Trial Court Opinion, 5/31/2018, at 2-5. As noted above, on June 20, 2017, Davis entered a guilty plea to numerous charges. He was sentenced on September 26, 2017, to a term of 11 ½ to 23 years' imprisonment for attempted homicide, a consecutive term of eight and one-half to 17 years' imprisonment for robbery, and a consecutive term of five to 10 years' imprisonment for burglary, for an aggregate sentence of 25 to 50 years' imprisonment. On September 29, 2017, Davis filed a motion for reconsideration of sentence, in which he averred the following:

> 3. [Davis] requests a reconsideration of his sentence, and a hearing before the court, to present additional mitigating evidence to the sentencing Court which was not available and not considered at the time of sentence, and present further arguments in mitigation for a reduced sentence.

> 4. [Davis] requests consideration for a concurrent sentence on the attempted murder and robbery charges. A concurrent sentence would still appreciate the impact on the victim and the community.

Motion for Reconsideration of Sentence Hearing, 9/29/2017, at 1-2. The trial court denied Davis's motion by order entered October 6, 2017. This timely appeal follows.[3]

_____

affirmed on October 19, 2018, in an unpublished memorandum decision. *See* *Commonwealth v. McCorkle*, ___ A.3d ___ [3790 EDA 2018] (Pa. Super. 2018) (unpublished memorandum). Reaves did not appeal her sentence.

[3] The same day he filed the notice of appeal, Davis also filed a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Davis's sole issue on appeal challenges the discretionary aspects of his sentence. When considering such a claim, we must bear in mind:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Furthermore, it is well-settled that:

> [a] challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Grays*, 167 A.3d 793, 815–816 (Pa. Super. 2017) (some citations omitted), *appeal denied*, 178 A.3d 106 (Pa. 2018).

Here, Davis filed a timely post-sentence motion, a timely notice of appeal, and included the requisite Pa.R.A.P. 2119(f) statement in his appellate brief. Nevertheless, our review of Davis's post-sentence motion reveals he did not raise either of the challenges to his sentence he now presents in his brief.

On appeal, Davis argues, first, the trial court abused its discretion when it imposed an excessive sentence outside the standard range of the guidelines

for his convictions of robbery and burglary.[4] **See** Davis's Brief at 18-22. Second, Davis contends the trial court disregarded certain mitigating factors, namely, his cooperation with police, his remorse for the victim, and a psychological evaluation, which detailed his history of physical abuse and depression. **See id.** at 22-24. However, as noted *supra*, in his motion for reconsideration of sentence, Davis simply requested a hearing to present additional, unnamed mitigating evidence, and asked the court to impose a concurrent sentence for the robbery conviction. **See** Motion for Reconsideration of Sentence Hearing, 9/29/2017, at 1-2. Moreover, Davis did not address either of his present complaints during the sentencing hearing. **See** generally, N.T., 9/26/2017.

It is well-established that "where the issues raised assail the trial court's exercise of discretion in fashioning the defendant's sentence, the trial court must be given the opportunity to reconsider the imposition of the sentence either through the defendant raising the issue at sentencing or in a post-sentence motion." **Commonwealth v. Tejada**, 107 A.3d 788, 798 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015). Furthermore, "[t]he

_____

[4] Although Davis implies his sentences for robbery and burglary were imposed outside of the sentencing guidelines, we note his sentences for those convictions actually fell within the aggravated range of the guidelines. **See** Trial Court Opinion, 5/31/2018, at 8.

failure to do so results in waiver of those claims." **Id.** Accordingly, we find

Davis's arguments waived, and need not address them further.[5]

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2018

---

[5] Assuming, *arguendo*, Davis had successfully raised and preserved these issues for appeal, we would have concluded his current sentence is not excessive, based upon the reasons provided by the trial court in its opinion. **See** Trial Court Opinion, 5/31/2018, at 6-9. Furthermore, "a claim that the court failed to consider certain mitigating factors does not present a substantial question" for our review. **Commonwealth v. Corley**, 31 A.3d 293, 297 (Pa. Super. 2011) (citation omitted).