J-S33037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH HARRIS, | : | |
| | : | |
| Appellant | : | No. 1914 MDA 2016 |

Appeal from the Judgment of Sentence October 18, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000642-2016

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:             **FILED AUGUST 01, 2017**

Kenneth Harris (Appellant) appeals from the judgment of sentence entered following his conviction for simple assault. We affirm.

On October 18, 2016, Appellant entered a *nolo contendere* plea to one count of simple assault and was sentenced to a term of 11 to 24 months' incarceration. Appellant filed a post-sentence motion seeking reconsideration of his sentence, which was denied by the trial court on October 26, 2016. This timely-filed appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 4. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right.

_____

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

Our review of the record shows that Appellant timely filed both a post-sentence motion, in which he requested a modification of his sentence, aand a notice of appeal. We now consider whether Appellant has raised a substantial question for our review. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002) (citation omitted).

Instantly, Appellant included in his brief a 2119(f) statement that raised the following issues: (1) "his sentence is 'so manifestly excessive as to constitute too severe a punishment'" and (2) "the lower court failed to state on the record any reason for imposing a sentence in the aggravated

range." Appellant's Brief at 9. Appellant is not entitled to review as neither claim raises a substantial question.

It is well-settled that a bald claim of excessiveness does not raise a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 623 (Pa. Super. 2002) ("[A] claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law.") (citations omitted). Moreover, contrary to Appellant's assertion, his sentence fell within the standard range, not the aggravated range, of the applicable sentencing guidelines.[1] A claim that a standard range sentence is excessive also fails to raise a substantial question.[2] *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

---

[1] Appellant pled *nolo contendere* to simple assault, graded as a misdemeanor of the second degree. Both the offense gravity score for this crime and Appellant's prior record score were 3. Thus, the standard range of the guidelines called for restorative sanctions to less than 12 months of incarceration. *See* Pennsylvania Commission on Sentencing Standard Guideline Form, 10/18/2016. Appellant's sentence of 11 to 24 months of incarceration fell within the standard guideline range.

[2] Even if he raised a substantial question, Appellant's claim fails as the record before us reflects that the sentencing court considered many factors in imposing Appellant's sentence and had the benefit of a presentence investigation report. "As we indicated in *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010), where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011).

Accordingly, because Appellant has failed to raise a substantial question for our review, we are without jurisdiction to review the merits of his claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017