J-S84029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RANDELL LAMAR PETERSON :
:
Appellant : No. 1319 MDA 2017

Appeal from the Judgment of Sentence March 30, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001367-2014

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 08, 2018**

Randell Lamar Peterson appeals from his judgment of sentence, entered in the Court of Common Pleas of Lycoming County, after he entered an open guilty plea to numerous drug-related charges at docket number CR-1367-2014 (the "2014 charges").[1] Upon careful review, we affirm.

The charges in this matter arise from Peterson's sale of cocaine to a confidential informant. After his arrest, law enforcement officers searched Peterson's apartment and discovered heroin and cocaine, packaged for sale. On July 18, 2016, Peterson entered an open guilty plea to the 2014 charges, as well as charges related to docket number CR-652-2015 (the "2015

_____

[1] Peterson pled guilty to three counts of possession with intent to deliver, 35 P.S. § 780-113(a)(30); two counts each of possession of a controlled substance, 35 P.S. § 780-113(a)(16), and possession of drug paraphernalia, 35 P.S. § 780-113(a)(32); and one count of delivery of a controlled substance, 35 P.S. § 780-113(a)(30).

charges"). Under the plea agreement with respect to the 2015 charges, the Commonwealth had agreed to a sentence of 2 to 5 years' incarceration, in exchange for Peterson's agreement to waive eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program and boot camp, enter an open plea to the 2014 charges, and serve his sentence on the 2015 charges consecutively to that on his 2014 charges.

On September 27, 2016, Peterson appeared for sentencing. After the court pronounced sentence on the 2015 charges, Peterson stated that he did not understand that the plea agreement did not encompass the 2014 charges and asked to withdraw his plea at that docket. However, on March 20, 2017, the date set for argument on Peterson's motion to withdraw his plea, he agreed to be sentenced on the 2014 charges. As a result, Peterson received an aggregate sentence of 45 to 96 months' incarceration, consecutive to his sentence on the 2015 charges. The court made Peterson RRRI eligible at a minimum of 37 months and fifteen days. Peterson filed post-sentence motions, which were denied. Peterson filed a timely notice of appeal on August 17, 2017. Both Peterson and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Peterson claims that his sentence is "manifestly excessive and unduly harsh" because the court did not give meaningful consideration to all the sentencing factors, including Peterson's personal situation. This claim raises a challenge to the discretionary aspects of Peterson's sentence. Such

a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Peterson filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

(2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Rule 2119(f) statement, Peterson asserts that his sentence is unreasonable because the sentencing court failed to consider all relevant factors, such as Peterson's learning disability, addiction recovery and time already spent in prison. This issue, that the sentencing court failed to consider all mitigating factors, does not raise a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."); *see also Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question."). Accordingly, we do not address the merits of Peterson's claim.

Even if we were to determine that Peterson's claim raised a substantial question, he would be entitled to no relief. Peterson, who had a prior record score of 5, was sentenced at the low end of the standard range of the Sentencing Guidelines. Peterson could have been subject to a maximum sentence of 35 years; he received a maximum of 8 years. The court was in possession of a presentence investigation report ("PSI") and cited extensively to the PSI – including acknowledging Peterson's learning disability, his

previous time spent in prison and his addiction issues – at Peterson's sentencing hearing. *See* N.T. Sentencing, 3/30/17, at 5-8. Where the court has the benefit of a PSI, we may assume it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Moreover, where the sentencing court imposed a standard-range sentence with the benefit of a PSI, we will not consider the sentence excessive. ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011). Peterson also made an extensive statement to the court in which he repeatedly noted his learning disability and his efforts to obtain treatment and change his life. In sum, the court considered all the mitigating factors noted by Peterson on appeal and imposed a sentence that was not excessive under the circumstances. Peterson is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/08/2018