J-S23006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORNELL BRYANT GARRETT | : | |
| | : | |
| Appellant | : | No. 2555 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002607-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORNELL BRYANT GARRETT | : | |
| | : | |
| Appellant | : | No. 2556 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004384-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORNELL BRYANT GARRETT | : | |
| | : | |
| Appellant | : | No. 2557 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006433-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

:

|                        |   |                      |
|------------------------|---|----------------------|
| v.                     | : |                      |
|                        | : |                      |
|                        | : |                      |
|                        | : |                      |
| CORNELL BRYANT GARRETT | : |                      |
|                        | : |                      |
| Appellant              | : | No. 2558 EDA 2019    |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000353-2019

|                                |   |                        |
|--------------------------------|---|------------------------|
| COMMONWEALTH OF PENNSYLVANIA   | : | IN THE SUPERIOR COURT OF |
|                                | : | PENNSYLVANIA           |
|                                | : |                        |
| v.                             | : |                        |
|                                | : |                        |
|                                | : |                        |
|                                | : |                        |
| CORNELL BRYANT GARRETT         | : |                        |
|                                | : |                        |
| Appellant                      | : | No. 2559 EDA 2019      |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000390-2019

|                                |   |                        |
|--------------------------------|---|------------------------|
| COMMONWEALTH OF PENNSYLVANIA   | : | IN THE SUPERIOR COURT OF |
|                                | : | PENNSYLVANIA           |
|                                | : |                        |
| v.                             | : |                        |
|                                | : |                        |
|                                | : |                        |
|                                | : |                        |
| CORNELL BRYANT GARRETT         | : |                        |
|                                | : |                        |
| Appellant                      | : | No. 2560 EDA 2019      |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000391-2019

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                          **FILED AUGUST 31, 2020**

Appellant Cornell Bryant Garrett appeals from the judgment of sentence imposed after he pled guilty to six counts of retail theft.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.   We affirm.

The trial court summarized the facts of this matter as follows:

> On six separate occasions, [Appellant] engaged in retail thefts at multiple Giant Food Stores.  The first incident occurred on March 14, 2018 at the Giant Food Store in Montgomery Township, Pennsylvania and involved [Appellant] placing $172 worth of groceries into reusable bags and bypassing all points of purchase.
>
> The second incident occurred on April 31, 2018 and involved [Appellant] pushing a shopping cart containing $660 worth of groceries past all points of sale and out of one of the exits at the Giant Food Store in Upper Moreland Township, Pennsylvania.  The third incident occurred on May 15, 2018, at the Giant Food Store in Montgomery Township, Pennsylvania and involved [Appellant] pushing a shopping cart containing $450 worth of groceries outside the produce side exit door, which bypassed all points of sale.  The fourth incident occurred on July 28, 2018, at the Giant Food Store in Abington Township, Pennsylvania and involved [Appellant] concealing $376 worth of merchandise within shopping bags and bypassing all points of sale.  The fifth incident occurred on October 25, 2018 at the Giant Food Store in Montgomery Township, Pennsylvania and involved [Appellant] pushing a shopping cart containing $352 worth of groceries and bypassing all points of sale by exiting the pharmacy side entrance.  The sixth incident occurred on November 18, 2018, at the Giant Food Store in Upper Moreland Township, Pennsylvania and involved [Appellant] placing $377 worth of groceries into reusable bags and bypassing all points of purchase.

Trial Ct. Op., 12/10/19, at 1-2 (some formatting altered).

---

[1] 18 Pa.C.S. § 3929(a)(1).

On April 9, 2019, Appellant entered an open guilty plea to the charges at all six docket numbers. Sentencing was deferred for preparation of a Pre-Sentence Investigation (PSI) Report.

On July 11, 2019, the trial court conducted a sentencing hearing. The trial court confirmed that it had received and reviewed the PSI report, a Probation and Parole Intervention (PPI) evaluation, and a letter from Appellant. N.T. Sentencing Hr'g, 7/11/19, at 5. The trial court also indicated that it had considered the sentencing guidelines. *Id.*

Appellant gave a statement during which he requested leniency and explained he had "struggled with drugs and alcohol for a long time without getting proper treatment." *Id.* at 14. In response, the trial court explained that "[t]he history of retail thefts is very disturbing. It's not once, it's not twice, it's six times now and multiple times beforehand, in addition to other criminal history." *Id.* at 18. Further, the trial court stated that although Appellant "communicated that [his] arrests are directly related to [his] drug addiction," Appellant had "taken no action to address the problem if, in fact, [he had] a problem." *Id.* at 19. However, the trial court acknowledged that Appellant likely had substance abuse issues, and that "the only way to address [those issues] is for [Appellant] to engage in some type of treatment program in prison." *Id.* at 18-19. The trial court stated that, otherwise, it did not believe that Appellant would "ever seek treatment." *Id.* at 19.

The trial court indicated that it would recommend Appellant for placement at SCI Chester, where he would be evaluated for the drug

treatment program. *Id.* The trial court noted that SCI Chester would provide an opportunity for Appellant to "actively participate and get help." *Id.* However, the trial court explained that "[w]ith the six retail thefts, I can't justify mitigation. I can certainly go down to the bottom of the standard range. It's not the [trial] court's fault that it was multiple criminal offenses." *Id.* at 20. Ultimately, the trial court imposed a sentence of six to twelve months' imprisonment and one year of probation at each docket number. *Id.* at 20-22. The individual sentences were structured to run consecutively, resulting in an aggregate sentence of three to six years' imprisonment and six years' probation.[2, 3]

On July 19, 2019, Appellant filed a timely post-sentence motion seeking a reduction of his sentence. *See* Appellant's Post-Sentence Mot., 7/19/19, at 1. Appellant explained that because each of his sentences were structured consecutively, it meant that he would be under supervision until he was sixty-nine years old. *Id.* Instead of incarceration, Appellant requested that the trial court impose a sentence of State Intermediate Punishment (SIP). *Id.* at 2. Appellant argued that the retail thefts were "the result of [Appellant's]

---

[2] The trial court also found that Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI) program, which resulted in an adjusted minimum sentence of twenty-seven months' imprisonment.

[3] Appellant's sentence for each individual count was within the standard guideline range. Appellant had a prior record score of zero at the time of sentencing. The standard guideline range for each count of retail theft was six to sixteen months' incarceration, plus or minus three months for aggravating or mitigating factors.

need to fund his drug addiction, which is precisely the type of offender SIP is intended to address." *Id.* at 2-3. In the alternative, Appellant asked the trial court to modify three of his sentences to run concurrently, which would reduce his aggregate sentence to eighteen to thirty-sixty months' imprisonment and three years' probation. *Id.* at 3.

The Commonwealth filed a response indicating that it did not agree to the SIP program in light of Appellant's "prior record and numerous cases currently at issue." Commonwealth's Resp. to Mot., 8/7/19, at 1.[4] On August 12, 2019, the trial court denied Appellant's post-sentence motion.

Appellant filed a timely notice of appeal on September 3, 2019. Appellant subsequently filed a timely court-ordered Pa.R.A.P. 1925(b) statement.[5] The trial court issued a responsive Rule 1925(a) opinion concluding that (1) Appellant waived his discretionary sentencing claim by failing to preserve it in a post-sentence motion; and (2) even if properly preserved, Appellant's claim was meritless. *See* Trial Ct. Op. at 4-7.

On appeal, Appellant raises one issue for our review:

---

[4] The Commonwealth also addressed the reasonableness of Appellant's sentence, stating that although Appellant claimed that the trial court "imposed an unreasonable sentence[, h]e is not correct. [The trial c]ourt properly exercised its sentencing discretion." Commonwealth's Resp. to Mot. at 1-2. We note that our review of the record confirms that Appellant did not raise that issue at sentencing or in his post-sentence motion. *See* N.T. Sentencing Hr'g at 22-24; *see also* Appellant's Post-Sentence Mot. at 1-3.

[5] In his Rule 1925(b), Appellant raised the following issue: "[Appellant's] aggregate sentence of [three to six] years is clearly unreasonable and manifestly excessive." Appellant's Rule 1925(b) Statement, 9/23/19.

Is [Appellant's] aggregate sentence of [three to six] years for six counts of retail theft unreasonable pursuant to 42 Pa.C.S. § 9781(c)(2)?

Appellant's Brief at 2.

Appellant's claim relates to the discretionary aspects of his sentence. Appellant argues that he "had a drug problem which underlies all of his criminal activity. He pleaded guilty to six counts of retail theft, taking full responsibility for his actions. [He] wanted to engage in in-patient drug treatment because, as a man in his late [fifties], he saw the error of his ways." *Id.* at 4. Appellant argues that he preserved his claim in his post-sentence motion, and his claim raises a substantial question for appellate review, because his consecutive sentences amounting to "an aggregate sentence of [three to six] years for entirely non-violent crimes totaling a loss of $4,852 is facially excessive." *Id.* at 7. Appellant asserts that his sentence is "clearly unreasonable pursuant to 42 Pa.C.S. § 9781(c)(2). [Appellant] stole a total of $4,852 worth of items. [Appellant] needs drug treatment, not half a decade in state prison, costing the taxpayers hundreds of thousands of dollars." *Id.* at 9. For these reasons, Appellant requests "that this Court vacate his sentence and remand the matter for a new sentencing hearing." *Id.*

The Commonwealth responds that Appellant waived his claim by failing to preserve it in his post-sentence motion. Commonwealth's Brief at 5. Further, the Commonwealth asserts that Appellant failed to raise a substantial question "because his aggregate sentence is not manifestly excessive on its face considering [his] conduct." *Id.* In any event, the Commonwealth

contends that the trial court properly exercised its discretion when it "imposed the lowest standard range sentence on each of the [Appellant's] six dockets[,]" and "considered the mitigating factors, a [PSI report], and the sentencing factors." *Id.* at 13. Further, the Commonwealth asserts that the trial court did not abuse its discretion by running Appellant's sentences consecutively, as he is not entitled to a "volume discount" for his separate criminal acts. *Id.* at 14.

Initially, we note that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted and formatting altered). Before we evaluate the merits of Appellant's claim, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247,

1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Here, Appellant filed a timely notice of appeal and a post-sentence motion. However, in his post-sentence motion, Appellant did not explicitly claim that his sentence was unreasonable or excessive. ***See*** Appellant's Post-Sentence Mot. at 1-3. As a result, the trial court concluded that Appellant had failed to preserve his claim for appeal. Specifically, the trial court explained:

> Instantly, [Appellant] did not raise any claims challenging the sentence during the sentencing hearing. Further, the majority of [Appellant's] post-sentence motion requested the court to modify his sentence to a [SIP] sentence. In another section of his post-sentence motion, [Appellant] requested the court to run his sentence concurrently rather than consecutively. Nowhere in [Appellant's] post-sentence motion does he raise the claim that the court abused its discretion by issuing a manifestly excessive or clearly unreasonable sentence. It is arguable whether [Appellant]'s request for concurrent sentences in his post-sentence motion and the fleeting reference as to what his age will be at the conclusion of supervision constitutes an argument that the imposition of consecutive sentences for non-violent crimes was clearly unreasonable and manifestly excessive. The first time [Appellant] truly presented this claim was in his [Rule 1925(b) s]tatement. Therefore, [Appellant]'s challenge to the discretionary aspects of the [trial] court's sentence on this ground is waived and [Appellant]'s inclusion of this claim in his [Rule 1925(b)] statement has not preserved this issue.

Trial Ct. Op. at 4 (citation omitted).

Based on our review of the record, we agree with the trial court that Appellant waived his discretionary sentencing claim by failing to preserve it at sentencing or in his post-sentence motion. ***See Malovich***, 903 A.2d at 1251;

*see also* Pa.R.A.P. 302(a). As noted by the trial court, Appellant's post-sentence motion requested that the trial court impose a SIP sentence or, in the alternative, structure Appellant's sentences concurrently for a shorter aggregate term of incarceration. Appellant did not allege, however, that the trial court's sentence was unreasonable or that the trial court abused its discretion. Therefore, Appellant's claim is waived. *See Corley*, 31 A.3d at 296; *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (holding that the defendant waived his discretionary sentencing claim when he failed to preserve it in his post-sentence motion).

Nonetheless, the record confirms that the trial court had the benefit of a PSI, which it reviewed prior to sentencing. *See Commonwealth v. Walls*, 926 A.2d 967 n.7 (Pa. 2007) (stating that "[w]here [a PSI] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors" (citation omitted)). Further, Appellant's individual sentences were within the standard range of the sentencing guidelines. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code" (citation omitted)). Therefore, even if Appellant had preserved his claim, we would conclude that it lacks merit for the reasons set forth in the trial court's opinion. *See* Trial Ct. Op. at 4-6 (noting that

Appellant's individual sentences were each "at the bottom of the standard range of the sentencing guidelines," Appellant "was not entitled to a 'volume discount' for his crimes by having his sentences run concurrently," and it "considered [Appellant's] drug addiction and determined that the best way to address this addiction and to prevent any further retail thefts would be to participate in a drug treatment program while incarcerated"). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/20