J-A05041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD COLEMAN | : | |
| | : | |
| Appellant | : | No. 230 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009254-2017

BEFORE: OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: Filed: May 6, 2021

Appellant, Ronald Coleman, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which sat as finder of fact in Appellant's bench trial and found him guilty of Rape—Forcible Compulsion, Involuntary Deviate Sexual Intercourse—Forcible Compulsion, Sexual Assault, Indecent Assault—Forcible Compulsion, and Simple Assault.[1] Of the four issues Appellant raised in his counseled Pa.R.A.P. 1925(b) statement, he briefs only his challenge to the discretionary aspects of his sentence. After careful review, we affirm.

The trial court aptly sets forth the pertinent facts and procedural history of the case, as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A §§ 3121(a)(1), 3123(a)(1), 3124.1, 3126(a)(2), and 2701(a), respectively.

On September 20, 2017, [H.F., the Complainant] left the South Philadelphia Library on 1700 South Broad Street to look for his library card. N.T. 7/1/19, at 8-9, 11, 43. After several minutes, H.F. could not find the library card and decided to walk home. *Id*. at 11. As H.F. walked home, he was approached by Appellant. *Id.* at 10-11. H.F. testified that he had never met Appellant before that day. *Id.* at 13. Appellant asked H.F. "what are you trying to get into" and invited him to drink and smoke in the DiSilvestro Playground recreation center, located at 1701 South Fifteenth Street adjacent to the library. *Id*. at 12-13, 51, 76.

H.F. followed Appellant into a room with a microwave and tables. *Id.* at 14. Appellant told H.F. to "pull [his] pants down, "a command that H.F. obeyed. *Id*. at 16. H.F. testified that he was so scared that he was "shaking" and that he complied with Appellant's command because he was "scared." *Id*. Immediately thereafter, Appellant pushed H.F. to the ground and pulled his own pants down. Appellant held H.F. by his feet and anally penetrated him. *Id.* at 16. During the incident H.F. defecated himself. *Id.* at 37. H.F. cried and told Appellant he wanted to go home. Despite H.F.'s pleas, Appellant threatened to put his penis in H.F.'s mouth if he did not stop kicking and crying. *Id.* at 15-16. H.F. testified that Appellant told him "somebody showed him how to do this in jail." *Id.* at 16.

When the incident was over, H.F. got up, ran through the back door, and went home. *Id.* at 19. H.F. arrived home and fainted at the door. *Id.* at 43. When he awoke, H.F told his parents that he had been raped at the library.[fn] *Id.* at 44. H.F. and his parents immediately went back to the library and recreation center. *Id.* at 44, 50-51. H.F. took his father to the room where the incident occurred, and his father called police. *Id.* at 45. Officers arrived and transported H.F. and his mother to the Special Victims Unit, where he was shown a photo array and identified Appellant as his assailant. *Id.* at 20-21, 58. H.F. was also taken to the sexual assault response center where he received a sexual assault exam and a sexual assault kit. *Id.* at 84.

---

FN. H.F.'s father . . . testified that his son has special needs. N.T. 7/1/16 at 41. [He] stated that his son has a learning disability, which required him to attend[] special classes and participate in an Individualized Education Program ("I.E.P.") when he was in school. His son still lives

at home and does not have a job due to his disability. *Id.* at 41. During cross-examination, [Father] testified that his son does not function well enough to do things in the community by himself. *Id.* at 51. His son does not interact much with other people or have good judgment and reasoning. *Id.* at 52.

---

At trial, . . . Appellant's supervisor at the time of the underlying incident[] testified that Appellant was employed by the DiSilvestro Playground recreation center as the maintenance person. *Id.* at 76. [He] testified that on September 20, 2017, the day of the alleged incident, the recreation center's security cameras were inoperative and had been inoperative for two weeks. *Id.* at 77-78. [He] testified that Appellant was aware that the cameras were not able to be fixed that day, as the technician called him from Appellant's phone to let him know "they had to get a part and they were going to come about either the next day or the next few days." *Id.* at 82-83. During the same conversation, [he] told Appellant that he probably would not be in until after Appellant's shift, around 3:00 p.m.

. . .

On September 21, 2017, a search warrant was executed on Appellant's residence. . . . The detectives recovered articles of clothing and attempted to locate Appellant, but he was not home. *Id.* at 99-100. [Detectives] received information that Appellant was located across the street in a neighbor's residence . . . [and] then received permission from the neighbor to enter the home and arrest Appellant. *Id.* at 102.

. . .

On July 1, 2019, following a [bench trial], Appellant was found guilty of [the offenses cited above]. On December 3, 2019, Appellant was sentenced to an aggregate term of eight to sixteen years of incarceration, followed by a consecutive term of four years of reporting probation. On December 12, 2019, Appellant filed a Motion for an Extension of Time to File a Post-sentence Motion, which [the trial court] granted on December 13, 2019. [However, Appellant ultimately did not file any post-sentence motion.] On December 30, 2019, Appellant filed a timely Notice of Appeal, and [the trial] court ordered Appellant to file a

Statement of Errors Complained of on January 7, 2020. On February 9, 2020, Appellant filed a Statement of Errors, raising [four issues, including the following]:

[Appellant's] sentence was an abuse of discretion as he was sentenced by the court to 8 to 16 years followed by a 4-year probation tail for Rape (F1) on the above-captioned matter when the court failed to thoroughly consider petitioner's background, his ability for rehabilitation, his social history, rehabilitative needs, and mental health capacity.

TCO, 717/2020, at 2-4, 1-2.

As noted, Appellant's brief presents one argument for this Court's consideration, namely, whether his standard range guideline sentence reflected the trial court's abuse of sentencing discretion. Our standard of review for a challenge to the discretionary aspects of sentencing is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

- 4 -

whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S.A. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S.A. § 9721(b). ***See Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013). However, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted).

Here, Appellant filed a timely Notice of Appeal and included in his appellate brief a separate Rule 2119(f) Statement. Our review of the record, however, discloses that Appellant failed to preserve his claim either at

resentencing or in a timely post-sentence motion. ***See Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (holding that objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing). Thus, we are unable to address his issue on appeal.[2]

Judgment of sentence affirmed.

---

[2] Even if Appellant had preserved his issue and presented therein a substantial question meriting our review, we would find his issue affords him no relief, as the sentencing transcript shows the trial court had the benefit of a pre-sentence investigation report ("PSI"). N.T. 9/3/19, at 3, 4, 14. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (holding that, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

Moreover, Appellant's claim that the court failed to consider Appellant's rehabilitative needs, mental health issues, and other mitigating factors is belied by the record. The transcript of Appellant's sentencing hearing shows the court invited testimony regarding Appellant's mental health conditions, which including ADHD, drug addiction, and bipolar disorder, as well as other mitigating factors as attested to by his aunt, who spoke to both the negative effect the 1997 death of Appellant's grandmother had on him and the allegedly good parenting skills he demonstrated with his two-year old child. In imposing the standard guideline range sentence, the court noted its familiarity with all presentencing reports, acknowledged Appellant's family's statements, and ordered that he continue to receive treatment for his mental health and drug abuse needs in prison. Nonetheless, the severe and calculated nature of Appellant's crime, where he took advantage of a clearly vulnerable victim and brought him to his unoccupied place of work on a day he knew the surveillance cameras were inoperable, impressed the court that a standard range guideline sentence was appropriate. N.T. at 4-14. Finding nothing "clearly unreasonable" about this sentence under the totality of circumstances, ***see*** 42 Pa.C.S.A. § 9781(c)(2), we would affirm judgment of sentence on this basis had Appellant preserved the issue for review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/21