**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD T. WADE | : | |
| | : | |
| Appellant | : | No. 1410 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001023-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD T. WADE | : | |
| | : | |
| Appellant | : | No. 1411 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001020-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD T. WADE | : | |
| | : | |
| Appellant | : | No. 1412 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002712-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |
|---|---|
| v. | : |
|  | : |
|  | : |
|  | : |
| HAROLD T. WADE | : |
|  | : |
| Appellant | : No. 1413 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001026-2023

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:  **FILED: March 5, 2026**

Appellant Harold T. Wade appeals from the judgment of sentence imposed after he pled guilty to corrupt organizations and related offenses at four separate docket numbers. On appeal, Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the underlying facts and procedural history of this matter as follows:

[Appellant] was charged at four separate [docket numbers] with several offenses as a result of his involvement in organized criminal activity occurring between November 1, 2022 and January 21, 2023. Moreover, it was alleged that [Appellant] was involved in numerous catalytic converter thefts spanning over three counties and resulting in over $ 300,000 in damages to numerous victims. On June 28, 2024, [Appellant] pled guilty generally to the following offenses:

**[Docket Nos. 1020, 1023 & 1026]**

Count 3: Corrupt Organization (F1), 18 Pa.C.S. § 911(b)(4)

---

[*] Retired Senior Judge assigned to the Superior Court.

Count 7: Theft by Unlawful Taking (F3), 18 Pa.C.S. § 3921(a)

Count 8: Receiving Stolen Property (F3), 18 Pa.C.S. § 3925(a)

Count 9: Criminal Mischief (F3), 18 Pa.C.S. § 3304(x)(5)

**[Docket No. 2212]**

Count 3: Corrupt Organization (F1), 18 Pa.C.S. § 911(b)(4)

Count 7: Theft by Unlawful Taking (F2), 18 Pa.C.S. § 3921(a)

Count 8: Receiving Stolen Property (F2), 18 Pa.C.S. § 3925(a)

Count 9: Criminal Mischief (F2), 18 Pa.C.S. § 3304(x)(5)

His sentencing was deferred pending the completion of a presentence investigation [(PSI report)] by the Westmoreland County Adult Probation Office.

On September 27, 2024, a sentencing hearing occurred on [Appellant's] cases, along with his co-defendants Christian Buie and Antonio Johnson. During the hearing, this court heard argument from counsel and [Appellant] exercised his right of allocution. [Appellant] was sentenced to periods of incarceration at all of his cases that were to run concurrently to each other. Specifically, at each case, [Appellant] was sentenced at count three to 2 1/2 to 8 years of incarceration, at count seven to 2 1/2 to 7 years of incarceration consecutive to count three followed by 12 months of re-entry supervision, at count eight to 2 to 7 years of incarceration concurrent to count seven, and at count nine to 1 to 7 years of incarceration concurrent to count eight. [Appellant] total aggregate sentence at all four cases was 5 to 15 years of incarceration.

Ten days later on October 7, 2024, [Appellant] timely filed a post-sentence motion to modify sentence asking that this court run all of the counts at each of his cases concurrently or sentence him in the mitigated range based on his age, home life, and acceptance of responsibility. *See* Post-Sentence Motion, 7/3/24, at 2 (unnumbered). On October 16, 2024, [Appellant's] post sentence motion to modify sentence was denied for the reasons that were

stated on the record at [Appellant's] sentencing hearing on September 27, 2024.

Trial Ct. Op., 12/19/24, at 1-4 (some formatting altered).

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.[1]

On appeal, Appellant raises the following issue for review:

Did the trial court abuse its discretion when it sentenced [Appellant] to an aggregate sentence of not less than five (5) years nor more than fifteen (15) years of incarceration, even though [Appellant] is young, he accepted responsibility for his crimes and had a difficult and turbulent childhood and family life?

Appellant's Brief at 6.

Appellant argues that the trial court "erred when it did not consider [his] troubled family history as a youth, his young age of being in his late twenties when the criminal activity occurred and his acceptance or responsibility of the crimes." *Id.* at 16. In support, Appellant notes that he "was living on the streets when he was thirteen (13) years old, his family unit ended, he lost his

---

[1] We note that in his Rule 1925(b) statement, Appellant argued that the trial court abused its discretion in imposing his sentence because he "was young, he accepted culpability, he had a difficult home life as an adolescent and has a family life." Rule 1925(b) Statement, 12/6/24, at 3 (unpaginated). The trial court issued a Rule 1925(a) opinion in which it concluded that Appellant waived his sentencing claim because he did not "specifically assert why or how [the trial court] abused its discretion." *Id.* at 5. However, the trial court also addressed the merits of Appellant's claim and concluded that he was not entitled to relief. *Id.* at 6-13. On this record, because it is clear that Appellant was challenging the discretionary aspects of his sentence, we decline to find waiver.

father at age eighteen and has maintained a good relationship with his family in spite of a poor childhood." *Id.* at 17. Appellant also asserts that "when addressing the sentencing court, [Appellant] expressed remorse for his actions" and that he is "younger than the other two co-defendants" who received identical sentences, despite Appellant's age and the fact that "he failed to engage in violent crime as a youth; and he never had the . . . support of his family." *Id.*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved a sentencing challenge by raising it in his post-sentence motion,[2] filing a timely notice of appeal and a court-ordered Rule 1925(b) statement,[3] and including a Rule

_____

[2] Although Appellant did not specifically explain why the trial court abused its discretion in imposing his sentence in his Rule 1925(b) statement, it is clear that Appellant was challenging the discretionary aspects of his sentence. Therefore, on this record, we decline to find waiver.

[3] We acknowledge that Rule 1925(b) requires that statements "identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Further, a Rule 1925(b) statement cannot be "too vague to allow the [trial] court to identify the issues raised on appeal." *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (stating that a Rule 1925(b) statement must be specific enough to allow a trial court to identify and address an appellant's claim on appeal, or it may be subject to waiver). However, on this record, it is clear that Appellant intended to challenge the length of the trial court's sentence in light of the evidence concerning Appellant's background and other mitigating factors. *See* Rule 1925(b) Statement at 3 (unpaginated). Therefore, in this case, we decline to find waiver.

2119(f) statement in his brief. **See Corley**, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. **See Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2015) (holding that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

- 7 -

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court

has been so informed, its discretion should not be disturbed."
***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation
omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the
sentencing court, which has the opportunity to observe the defendant and all
witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa.
Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023).
In conducting appellate review, this Court "cannot reweigh sentencing factors
and impose judgment in place of sentencing court where lower court was fully
aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the trial court explained:

> In the instant case, there was no evidence or indication by
> [Appellant] that this court failed to comply with any of the
> sentencing requirements. Although [Appellant] was sentenced at
> the same time as his co-defendants, Christian Buie and Antonio
> Johnson, this court considered each of them separately and
> imposed individualized sentences. (Sentencing Hearing
> Transcript, September 27, 2024, at 15, 18). This court provided
> the following reasons for [Appellant's] sentence on the record:
>
> > [Appellant]: . . . Now, I truly am sorry for all of this. If it
> > was up to me, I would've never came here. But I can't undo
> > the past. I can only focus on moving forward.
> >
> > THE COURT: Well, you have to understand that this wasn't
> > a small crime –
> >
> > [Appellant]: Yes, ma'am.
> >
> > THE COURT: -- that you got yourself wrapped up in. I mean,
> > this was a serious, serious protracted organized, you know,
> > devastating event that just [wreaked] havoc on lots of
> > people who were working hard and had, you know, vehicles
> > that were able to allow them to lead their life, and you

ripped that from people. I mean, this is - there's real people that were hurt.

[Appellant]: I understand that, ma'am. And I'm truly sorry. I mean that. I'm truly sorry.

THE COURT: So, I understand what you're saying, and I've looked at all of that as far as your priors, and I get that you make certain choices when you're a kid that you wouldn't have made later. About now you're what? Thirty years old?

[Appellant]: Yes, ma'am.

THE COURT: You know the difference between right and wrong. You know what you were doing. This was - like I said, this wasn't a small, like, one-time thing, like, oh, I made a [bad] decision. This was just a brazen, on-going, crime spree. So, you know, I have to consider that, too. I'm sure you understand. You know, I have to take that into consideration, and also, what's going to pull you out of this lifestyle? Because, you know, what you've had to go through as a kid, you know, you didn't learn from it. So, you know, I don't want to see you continuing this when you get home. I really want to see you better yourself and be able to go back to when you were doing good because I think you deserve that. Your family deserves that. Your mom deserves that. Your siblings deserve that. So, in considering a sentence here, and going through everything that I've read, I consider obviously, everything that I've read in the pre- sentence investigation, everything you've said to me today. I echo what I've said with regard to Mr. Buie, and you were here for. I consider the fact that not only have you accepted responsibility and agreed to plead guilty to the charges, you've done that at an early stage, where you've essentially stopped the bleeding to the counties that you've already hurt. I consider the fact that these were serious offenses, protracted criminal episode. I consider your need for treatment, your likelihood of treatment, your age, the fact that the restitution is significant, and that there needs to be accountability of restitution to the victims, and a period of supervision that will provide for repayment of restitution, and also to make sure that you don't go back to that lifestyle that you had been involved with, and, obviously, if you commit another crime, you're going to wind up being in jail for a long, long

time. You know that; right? I mean, you're at the point where you've already got a prior record score of five. If you wind up committing another crime, you're going to make a decision that's going to be devastating. Yes.

[Appellant]: I'm listening to you.

THE COURT: Do you agree?

[Appellant]: Yes, ma'am.

THE COURT: Okay. I mean, you've got yourself to a point in life where you've got a choice to make now, which way you're going to go. And I really do hope that you are able to rehabilitate yourself and get yourself back on the right track . . .

*Id.* at 47-49.

Moreover, in sentencing [Appellant] this court considered the [PSI report] which included [Appellant's] significant prior criminal history, the sentencing guidelines, the protection of the public, the gravity of the offense as it relates to the impact on the life of the victims and on the community, and the rehabilitative needs of [Appellant]. Additionally, this court considered all of the factors indicated by [Appellant], including his age, acceptance of culpability, difficult home life, and family life. [Appellant] ultimately received sentences that were within the standard range at each count in all four of his cases.

[Appellant] appears to claim that his aggregate sentence of 5 to 15 years was excessive in light of multiple factors. [Appellant], however, pled guilty to several serious offenses as a result of his involvement in a multi-county criminal enterprise affecting over 30 victims and resulting in hundreds of thousands of dollars in restitution. As stated by the Commonwealth during sentencing, this was "one of the more sophisticated and extensive organized thefts we've had in Western Pennsylvania." (N.T. Sentencing Hr'g, 9/27/24, at 9). [Appellant] was not entitled to a "volume discount" for his multiple offenses and cases. The sentences at each of [Appellant's] cases ran concurrently. [Appellant] was sentenced consecutively at one count at each of his cases and all other counts ran concurrently. A mitigated or fully concurrent sentence was not appropriate in light of the aforementioned circumstances. Ultimately, [Appellant's] aggregate sentence is not "grossly disparate" to his conduct and does not "viscerally

appear" to be " patently unreasonable." ***See*** [***Commonwealth v. Pisarchuk***, 306 A.3d 872, 88 (Pa. Super. 2023).] Therefore, his sentence should not be disturbed on appeal.

Trial Ct. Op. at 9-13 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. ***See Raven***, 97 A.3d at 1253-54. Appellant concedes that his sentences were all standard guideline sentences. ***See*** Appellant's Brief at 16 (stating that Appellant "does not argue that the sentencing court sentenced [him] beyond the Pennsylvania Sentencing Guidelines"); ***see also Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code" (citation omitted)). Additionally, as noted previously, the trial court ordered a PSI report, which it reviewed prior to sentencing. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. ***See Edwards***, 194 A.3d at 638; ***see also Kurtz***, 294 A.3d at 536. This Court will not re-weigh the trial court's considerations of sentencing factors on appeal. ***See Kurtz***, 294 A.3d at 536; ***see also Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of all mitigating factors). For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 3/5/2026