J-S15034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :            PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| SAKOU JUNE ARMOUR | : |
| | : |
| Appellant | : No. 1533 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002250-2024

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JUNE 5, 2026**

Appellant, Sakou June Armour, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following his conviction by a jury on the charge of Possession of Firearms Prohibited, 18 Pa.C.S.A. § 6105. After our careful review, we affirm.

The relevant facts and procedural history have been set forth, in part, by the trial court as follows:

> On March 24, 2025, [Appellant, who was represented by counsel,] proceeded to a jury trial on one count of Possession of Firearms Prohibited, 18 Pa.C.S.A. § 6105. At trial, the Commonwealth presented the testimony of Officer Dean Dicresenza, a patrolman with the Upper Darby Police Department. Officer Dicresenza testified that, on March 21, 2024, he was dispatched to [7**1] Westchester Pike for an overdose. He arrived and saw an unconscious male, [later identified as Appellant], lying on the ground. N.T., 3/25/25, at 81-83. He

_____

[*] Former Justice specially assigned to the Superior Court.

administered Narcan for an overdose. As [Appellant] began to gain consciousness, he began groaning. Officer Dicresenza began assisting Appellant off the ground and, as he did so, a silver firearm fell out of Appellant's left pant leg. [*Id.*] at 83-84. The officer secured the firearm by dropping the magazine out of the gun and ejecting the bullet that was in the chamber. [*Id.*] at 84.

While the officer was testifying, the Commonwealth showed the officer's bodycam footage and admitted it as Exhibit C1. The bodycam footage shows the entire incident from the officer driving into the parking lot where Appellant was unconscious up until he was transported to the police station. A silver firearm can be seen hanging out of Appellant's pant leg. Prior to that, a bulge can be seen in the pant leg where the firearm was concealed. [*Id.*] at 90. Appellant was patted down. He became aggressive. Officer Dicresenza ran Appellant's record, which revealed Appellant was a person not permitted to possess a firearm....The Commonwealth also presented the testimony of Detective Finnegan, who testified that the firearm was operable.

Trial Court Opinion, filed 10/9/25, at 1-2.

The jury convicted Appellant on the sole charge of Possession of Firearms Prohibited. On May 1, 2025, Appellant proceeded to a sentencing hearing at which the trial court acknowledged it reviewed a pre-sentence investigation report ("PSI") and psychological evaluation. The Commonwealth stated the applicable guidelines: "mitigated range 63, standard 72 to 84, aggravated 93. No mandatory minimum." N.T., 5/1/25, at 3. The Commonwealth noted Appellant has a lengthy prior criminal history. *Id.* at 4.

Further, the Commonwealth indicated "his prior record score is POG Of 4, which is the highest it can be in one qualifying offense. That's aggravated assault F1 from a 2023 guilty plea." *Id.* The Commonwealth noted Appellant had other crimes and juvenile adjudications of delinquency, which were not

factored into his prior record score. ***Id.*** The trial court acknowledged that Appellant raised a question about the applicable guidelines, as well as his prior record score. ***Id.*** The trial court agreed with Appellant that "not all of [Appellant's criminal history] is countable in the new sentencing guideline;" however, "there is an offense that is countable." ***Id.***

The Commonwealth indicated Appellant was on probation in 1993, but he was then convicted of robbery and firearm offenses, for which he received a sentence of five years to ten years in prison. ***Id.*** at 5. He was later convicted of aggravated assault for which he received one year to two years in prison. ***Id.***

The Commonwealth requested that the trial court impose a sentence of ten years to twenty years in prison with a consecutive one year of probation. ***Id.*** The Commonwealth noted Appellant had a "rough upbringing," and the trial court confirmed it was "rough." ***Id.*** However, the Commonwealth further noted Appellant has taken no accountability for his most recent crime. ***Id.*** at 6. The Commonwealth indicated Appellant blames everyone but himself for his problems. ***Id.*** at 7.

Appellant's counsel acknowledged that he reviewed the PSI, as well as the psychological report. ***Id.*** Appellant's counsel acknowledged Appellant has a criminal history "going back to 1992 for juvenile cases." ***Id.*** Appellant's counsel averred that Appellant has mental health issues. ***Id.*** at 8. The trial court noted that Appellant is in his "early fifties with not a single job reported

above the books." *Id.* Appellant's counsel responded that Appellant has "been in jail so much time he didn't have a chance to get a job." *Id.* Appellant's counsel requested a sentence of five years to ten years in prison, plus a consecutive one year of probation. *Id.* at 9. Appellant's counsel argued this recommended sentence would aid Appellant in getting the help he needs. *Id.* Moreover, Appellant's counsel noted that Appellant did not "brandish" or point the handgun at anyone; but rather, it was in the pocket of his pants and then fell out. *Id.*

Appellant informed the trial court that he "has a history of working for Citizen Frank Clark." *Id.* at 10. The trial court asked Appellant about his aliases, which include "Secur Armor," "Hanson Armor," "Kevin Armor," "Secur Anderson," and "Kevin Anderson." *Id.* at 11. Appellant responded that he did not recognize any of these names. *Id.* Appellant asked the trial court to explain "where's this big criminal history" that everyone was talking about, and he noted that many of his criminal charges/cases had been dismissed. *Id.* The trial court specifically indicated it was not considering any arrests or charges that had been dismissed. *Id.* Appellant claimed that his guilty plea to robbery and aggravated assault, wherein he was sentenced to ten years to twenty years in prison, was "overturned in 2020." *Id.* The trial court responded that Appellant was mistaken in this regard. *Id.* at 12.

Appellant informed the trial court that he had no criminal intent as it pertained to the gun as demonstrated by the fact he was unconscious when

- 4 -

the police found him. *Id.* He claimed "[t]he [officer] picks me up off the ground and throws handcuffs [on] me." *Id.* The trial court responded that it considered the nature of the offense and noted the jury found Appellant guilty. *Id.* at 12-13.

The trial court indicated that Appellant has taken no responsibility for the gun offense at issue, and, based on counsel's representation, Appellant needed mental health treatment. *Id.* at 15. Appellant responded that he has no mental health issues; however, he acknowledged that he has schizophrenia. *Id.*

At this point, the trial court indicated that it was imposing a sentence of eight years to twenty years in prison, to be followed by one year of probation. The trial court indicated Appellant is not RRRI eligible. *Id.* at 17. Appellant informed the trial court that the sentence was not fair, and the trial court responded it considered the sentencing guidelines. *Id.* at 18. The trial court then ensured that Appellant was advised of his post-sentence and appellate rights. *Id.*

On May 9, 2025, Appellant filed a timely motion for reconsideration of his sentence, which the trial court denied on the same date. Appellant filed a timely counseled notice of appeal on June 6, 2025, and all Pa.R.A.P. 1925 requirements have been adequately met.

On appeal, Appellant sets forth the sole claim in his "Statement of Questions Involved" (verbatim):

1. Whether the trial court erred and violated the discretionary aspects of sentencing, specifically the requirements of 42 Pa.C.S.A. § 9721(b) of the Sentencing Code, in that the trial court imposed a minimum sentence outside of the aggravated range of the applicable sentencing guidelines and did not place on the record or provide a contemporaneous written statement for the deviation from the sentencing guidelines, where the trial court cannot rely on review of the Pre-Sentence Investigation alone because said document contains impermissible factors to rely upon for aggravating reasons, specifically, prior arrests that did not result in conviction; does the trial court's failure to give reasons for deviation from the sentencing guidelines constitute grounds for resentencing?

Appellant's Brief at 4 (footnote omitted).

On appeal, Appellant contends the sentencing court abused its discretion in imposing a sentence inconsistent with 42 Pa.C.S.A. § 9721 because the court failed to provide in open court at the time of sentencing a statement of the reason or reasons for imposing an above aggravated range sentence. Appellant acknowledges the general rule that, where a PSI exists, the appellate court will presume the sentencing judge was aware of relevant information regarding the appellant's character and weighed those considerations with the mitigating statutory factors. **See** Appellant's Brief at 16. However, Appellant argues that this presumption may not be applied in the instant case since the PSI contained Appellant's prior arrest record, including crimes that did not result in conviction, which is an impermissible factor for the sentencing court to consider. **See id.** at 17. Moreover, Appellant contends the sentencing court did not consider the proper sentencing guideline ranges when imposing sentence.

Appellant's issue presents a challenge to the discretionary aspects of his sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa.Super. 2011) (citation omitted). Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's sentencing issue is meritless.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa.Super. 2005).

42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with…the protection of the public, the gravity of the

- 7 -

offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Further:

"In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Commonwealth v. Mouzon*, 812 A.2d 617, 620–21 (Pa. 2002); 42 Pa.C.S.A. § 9721(b). The sentencing guidelines are not mandatory, and sentencing courts retain "broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines." *Id.* "In every case where the court imposes a sentence…outside the guidelines adopted by the Pennsylvania Commission on Sentencing…the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b). However, this requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760–61 (Pa.Super. 2014)

(citations, quotation marks, and quotations omitted).

Additionally,

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate

court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-76 (Pa.Super. 2012) (citations omitted).

Initially, we note that we find no merit to Appellant's claim that the trial court did not utilize the correct sentencing guideline ranges. Appellant asserts the applicable standard guideline range was "72 months-84 months with an aggravated range of 93 months." Appellant's Brief at 17. During the sentencing hearing, the Commonwealth stated the applicable guidelines as "mitigated range 63, standard 72 to 84, aggravated 93. No mandatory minimum." N.T., 5/1/25, at 3. The trial court indicated on the record in open court that it was aware of the applicable guideline ranges as articulated by the Commonwealth, and it was going to take the guidelines into account. *Id.* at 19.

Moreover, in its Opinion, the trial court acknowledged the sentencing guidelines provided "for a standard range sentence beginning at 72-84 months incarceration with an aggravated range beginning at 93 months or 7.75 years." Trial Court Opinion, filed 10/9/25, at 6. The trial court then stated it sentenced Appellant above the aggravated range to 8 years to 20 years in prison. *Id.* Accordingly, there is no merit to Appellant's claim the trial court was not aware of or applied the correct sentencing guideline ranges.

Furthermore, regarding Appellant's claim that the trial court did not state adequate reasons on the record for the sentence, we note the trial court specifically referenced its review of the PSI, the psychological evaluation of Appellant, and the sentencing guideline ranges. N.T., 5/1/25, at 3. The trial court noted Appellant's "rough" upbringing. *Id.* at 6. The trial court indicated that Appellant is in his "early fifties with not a single job reported above the books." *Id.* at 8. The trial court advised Appellant that the court was considering the nature of the offense. *Id.* at 11. The trial court concluded that Appellant took no responsibility for the gun offense at issue, and Appellant needed mental health treatment. *Id.* at 15. In this vein, the trial court noted the PSI reported that Appellant has schizophrenia. *Id.* Further, the trial court acknowledged that Appellant has a lengthy criminal history, and his prior record score is four. *Id.* at 4.

Based on the aforementioned, we conclude the trial court's statements substantially conform with the requirements of 42 Pa.C.S.A. § 9721(b). The trial court specifically referenced Appellant's prior criminal record, his age, his personal characteristics, and (what the trial court obviously felt was) his lack of potential for rehabilitation. Furthermore, there is no dispute the trial court reviewed the PSI, as well as a psychological report. Therefore, we presume that the sentencing judge was fully apprised of Appellant's characteristics and properly weighed those factors. *See Antidormi*, *supra*. "Having been fully informed by the [PSI], the sentencing court's discretion should not be

disturbed." ***Id.*** at 761 (citation omitted).

"The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Subsection 9721(b)….The record as a whole must reflect due consideration by the court of the statutory considerations." ***Commonwealth v. Coulverson***, 34 A.3d 135, 145–46 (Pa.Super. 2011) (citation omitted)). In the case *sub judice*, in examining the record as a whole, the sentencing court adequately informed Appellant of the reasons that it exceeded the aggravated range of the sentencing guidelines. To wit, the sentencing court referenced Appellant's criminal history, his risk for recidivism, and the seriousness of his crime.

Moreover, we note that Appellant claims the trial court erred in relying on the PSI because it included reference to Appellant's prior arrest on charges for which he was not convicted. We find no abuse of discretion in this regard.

In ***Commonwealth v. Berry***, 323 A.3d 641 (Pa. 2024), our Supreme Court examined the issue of whether a sentencing court could consider arrests that "did not result either in juvenile adjudications or adult convictions." ***Id.*** at 643. The Supreme Court determined that such "prior arrests are not probative at a sentencing hearing and are not otherwise relevant to the factors that are central to the sentencing determination." ***Id.*** at 651. It held that "the sentencing court committed an error of law when it relied upon prior arrests as a sentencing factor[.]" ***Id.*** at 654.

In the case *sub judice*, in accordance with ***Berry***, the trial court clearly

stated on the record that it was not considering any arrests or charges, which did not result in a conviction or adjudication of delinquency. Also, the trial court acknowledged mere arrests or dismissed charges are not countable in the sentencing guidelines. N.T., 5/1/25, at 4. Thus, to the extent Appellant claims the trial court relied on an impermissible factor (*i.e.*, his prior arrest record) set forth in the PSI, we find there is no merit. **See Berry**, **supra**.

Finally, to the extent Appellant contends the trial court could not rely on any part of the PSI because it included Appellant's prior arrests (which did not result in juvenile adjudications or adult convictions), we agree with the Commonwealth that Appellant has cited no authority supporting this position. **See** Commonwealth's Brief at 15. Simply put, while **Berry**, to which Appellant cites, holds that the trial court may not consider a defendant's prior arrest record (set forth in the PSI or otherwise introduced into evidence) for sentencing purposes, **Berry** did not hold the entire PSI, particularly the relevant portions thereof, must be disregarded on this basis. Moreover, while the trial court acknowledged Appellant had questions about the applicable guidelines and prior record score, there is no indication Appellant objected to the admission of the PSI in the trial court. **See Commonwealth v. Goodco Mechanical, Inc.**, 291 A.3d 378 (Pa.Super. 2023) (holding the appellant waived claim on appeal that the PSI was inadequate or deficient since he did not object to the admission of the PSI in the trial court) (citing to Pa.R.A.P. 302(a)).

Finally, we note the well-stated presumption in Pennsylvania is that "when the trial court has the benefit of a [PSI] report, it is presumed that the court was both aware of and appropriately weighed **all relevant information** contained therein." ***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa.Super. 2021) (emphasis added).

Based on the aforementioned, we conclude the trial court did not abuse its discretion in sentencing Appellant. Simply put, Appellant has not demonstrated that his sentence is unreasonable. 42 Pa.C.S.A. § 9781(c).

For all of the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/5/2026